ALEXANDER McGREGOR v. THE ESTATE OF JAMES G. ROSS, DECEASED.

[See 96 Mich. 103.]

*Contract—Breach.*

A mere *request* by a log-owner to a contractor to quit cutting logs, if acquiesced in by the contractor, does not amount to a breach of the contract on the part of the log-owner; but a *direction* by the log-owner to stop cutting, which the contractor obeys under protest, amounts to a breach, entitling the contractor to. the consequent damages.

Error to Marquette. (Stone, J.) Argued May 1, 1894. Decided September 25, 1894.

Claim against the estate of decedent. Defendant brings error. Affirmed. The facts are stated in the opinion, and in 96 Mich. 103.

*Clark & Pearl,* for appellant.

*E. J. Mapes,* for plaintiff.

LONG, J. This case was in this Court at the April term, 1893, and is reported in 96 Mich. 103. The facts are there fully set out. On that trial the plaintiff recovered, and the judgment was reversed on account of an error in the charge. It was there said, in speaking of the charge of the court on the question of the breach of the contract:

" When the deceased committed a breach, the plaintiff was privileged to adopt either one of two courses: He could abandon further work under the contract altogether, and sue to recover the price of work already performed, and whatever damages he had already sustained because of being prevented from completing the contract; or he could

continue, under the contract, to do so much of the work as he was permitted to do, and recover damages for the interruption. But in case he did so there is no reason why he should not be bound by the terms of the contract, so far as he did attempt its performance, and responsible for any breach of condition not dependent upon the neglected performance of the other. In other words, the law does not outlaw a party who has broken a contract in any particular, or deprive him of having the benefit of provisions inserted in such contract for his protection, in any case where the other party proceeds under the contract, and where the breach may be compensated in damages, and where the neglect of performance by the plaintiff is not induced by the act of the one guilty of the first default."

The case was remanded for a new trial. That trial has been had, and the plaintiff has again recovered, and defendant appeals.

The court, on the present trial, followed the rule laid down by this Court, and directed the jury substantially that, if Ross commanded the plaintiff to stop work, and the work was stopped by reason of such command, then the plaintiff would be entitled to recover his damages; but, if the plaintiff acquiesced in the request of the decedent to cut no more timber until he had hauled that which was cut, the plaintiff could not claim that such request or direction broke or violated the contract, or that he was prevented thereby from carrying out the contract, and the verdict should be for the defendant. This was a fair submission of the question.

We have examined the questions raised by defendant's counsel in their brief, and are satisfied that the case has been tried in accordance with the former opinion.

The judgment must be affirmed.

The other Justices concurred.